*557 MEMORANDUM **
Appellant Lance Winslow Stoddard challenges his sentence of 57 months of imprisonment for attempted manufacture of methamphetamine (21 U.S.C. § 846) and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), arguing that the district court erred in applying two upward adjustments under U.S.S.G. §§ 2D1.12(b)(2) and 2K2.1(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
When reviewing a sentence, we first consider “whether the district court committed significant procedural error,” including an incorrect Sentencing Guidelines determination. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)), cert. denied, — U.S.-, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). We next consider whether, in light of the factors set forth in 18 U.S.C. § 3553(a), the district court abused its discretion by imposing a substantively unreasonable sentence. Id. We review the district court’s interpretation of the Guidelines de novo, its application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error. United States v. Garro, 517 F.3d 1163, 1167 (9th Cir.2008); United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006).
1. In United States v. MacDonald, 339 F.3d 1080, (9th Cir.2003), this court explained that the two-level adjustment for the release of a hazardous substance under U.S.S.G. §§ 2D1.12(b)(2) is “triggered by a disposal or discharge of a waste ‘covered’ by RCRA, whether it be a listed or characteristic waste” under the applicable regulatory scheme. Id. at 1083. Under the Environmental Protection Agency’s RCRA regulations, phosphine gas is a listed hazardous waste under 40 C.F.R. § 261.33 (2008), and red phosphorus is a characteristic waste under 40 C.F.R. § 261.23(a)(6) (2008).
The evidence presented at the time of sentencing showed that phosphine gas likely had been released or discharged in Stoddard’s garage at the time that methamphetamine was “cooked” there, and that red phosphorus had been present in Stoddard’s garage and was not disposed of properly. [ER 22-27] Taking that evidence together with the facts set forth in the presentence investigation report, the district court found that Stoddard’s garage had contained “the residue of a meth manufacturing operation,” and that Stoddard had improperly disposed of hazardous substances, requiring a specialized “HAZ-MAT” clean-up costing nearly two thousand dollars; these factual findings were not clearly erroneous. Given the facts before it, the district court did not abuse its discretion in applying the two-level § 2D1.12(b)(2) adjustment in calculating Stoddard’s advisory Guidelines sentencing range.
2. Nor did the district court abuse its discretion in applying the four-level upward adjustment under § 2K2.1(b)(6) based upon the presence of a Remington 30-06 rifle and a Mossberg 20-gauge shotgun in Stoddard’s garage, “one of them being loaded, near the presence of this lab and plainly in a position to be used to facilitate the unlawful operations going on there.” [ER 30] The district court’s application of the upward adjustment finds support in the Application Note to § 2K2.1, which states that such adjustment is warranted “in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing *558 materials, or drug paraphernalia” because “the presence of the firearm has the potential of facilitating” a drug felony. U.S.S.G. § 2K2.1, comment (n.14). The district court’s finding that Stoddard’s firearms were kept in close proximity to the meth lab activity in the same garage was not clearly erroneous, and under § 2K2.1(b)(6) as amplified by the Application Note, nothing more is required.
Finally, the record reflects that the district court properly considered the § 3553(a) sentencing factors and imposed a sentence that fell within the applicable advisory Guidelines range. We conclude that under the totality of the circumstances, the sentence imposed was substantively reasonable.
AFFIRMED.
RAWLINSON, Circuit Judge, concurring:
I concur in the result.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.